UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MRS. UNITED STATES NATIONAL PAGEANT, INC.,

                              Plaintiff,

                                                              DECISION AND ORDER

                                                              14-CV-6114L

              v.

CROWN COUTURE, LLC,
GASPAR CRUZ, individually,
                              Defendants.
_____

        Plaintiff, Mrs. United States National Pageant, Inc., brought this action against defendants

Crown Couture, LLC and Gaspar Cruz, seeking legal and equitable relief for alleged violations of

certain trademarks owned by plaintiff.  Those trademarks relate to beauty pageants operated by

plaintiff, including the "Mrs. United States" pageant, the "Miss United States" pageant, the "Miss

Teen United States" pageant, and so on.

        The complaint in this action was filed on March 7, 2014.  On July 11, 2014, the Clerk of the

Court entered a default against defendants, who had not answered the complaint or otherwise

appeared in the action.  On August 19, 2014, the Court issued an Order and Judgment (Dkt. #7)

granting plaintiff's motion for a default judgment, and issuing a permanent injunction against

defendants.

        Upon application by plaintiff, on October 7, 2014, the Court issued an Order to Show Cause

(Dkt. #11) directing defendants to show cause why they should not be found in contempt for failing

to comply with the terms of the default judgment.  That order was based on evidence submitted by

plaintiff that defendants were continuing to infringe upon plaintiff's trademarks.  *See* Declaration

of F. Michael Ostrander, Esq. (Dkt. #12-1).

        Defendants responded to the Order to Show Cause, *see* Dkt. #14, and after reviewing both

sides' papers, the Court issued a finding, in open court, holding defendants in civil contempt, but

deferring entry of a remedial order.  The Court directed plaintiff to submit proof of its costs incurred

in bringing the contempt motion, and gave defendants an opportunity to file a response.  Both sides have now done so.

**DISCUSSION**

As stated, the Court has already found defendants in contempt of its prior judgment.  The only issue before the Court is what remedy is appropriate.[1]

"Unlike sentences for criminal contempt, which are punitive in nature and intended to vindicate the authority of the court, the sanctions for civil contempt serve two purposes:  to coerce future compliance and to remedy any harm [that] past noncompliance caused the other party." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996) (citing *United States v. United Mine Workers of America*, 330 U.S. 258, 302-04 (1947)).  As to civil contempt, "[t]he compensatory goal ... can only be met by awarding to the plaintiff any proven damages," such as "appropriate attorney fees and costs to a victim of contempt."  *Id.  See also F.T.C. v. BlueHippo Funding, LLC*, 762 F.3d 238, 243 (2d Cir. 2014) (stating that although a "court enjoys broad discretion in setting the amount of coercive sanctions, ... a court is 'not free to exercise its discretion and withhold an order in civil contempt awarding damages, to the extent they are established.'"  (quoting *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979)).

To meet the goal of awarding "appropriate" attorney's fees, the court must arrive at a figure that represents a reasonable fee for the work incurred as a result of the other party's contumacious conduct.  *CBS Broadcasting Inc. v. FilmOn.com, Inc.*, No. 10 Civ. 7532, 2014 WL 4088695, at *1

---

[1]Whether a finding of willfulness is a prerequisite to an award of attorney's fees for civil contempt remains an open question in this circuit. *Jacobs v. Citibank, N.A.*, 318 Fed.Appx. 3, 4 n. 3 (2d Cir. 2008) (citing *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996)); *Universitas Educ., LLC v. Nova Group, Inc.*, No. 11 Civ. 8726, 2013 WL 3487350, at *12 (S.D.N.Y. July 12, 2013).  Based on the record before me, however, I find that even if willfulness is a precondition to an award, attorney's fees are warranted here.  The record amply demonstrates that defendants took no steps to comply with this Court's default judgment until they were faced with the motion for contempt and the ensuing Order to Show Cause.  *See* Declaration of F. Michael Ostrander (Dkt. #12-1) and attached exhibits.

(S.D.N.Y. Aug. 15, 2014); *see also* W.D.N.Y. Local Rule 83.4(a) (stating that "[r]easonable attorney's fees necessitated by the contempt may be included as an item of damage").

In the case at bar, plaintiff seeks $8762.50 in attorney's fees, plus $242.92 in costs. *See* Declaration of F. Michael Ostrander (Dkt. 18) ¶ 12. In support of its motion, plaintiff has submitted time records of its attorneys, indicating that they expended 38.7 hours on the contempt motion. That comprises time spent by three attorneys and one paralegal. Dkt. #18.

While I do find that plaintiff is entitled to an award of attorney's fees, I find the amount of the request excessive. Certainly it would have been better for all concerned had defendants immediately taken steps to comply with the Court's prior order, which would have obviated the need for plaintiff to bring a contempt motion in the first place. But this was a straightforward motion, involving no particularly unusual facts or unsettled areas of law. While even the simplest *pro forma* motion obviously requires some attorney time to put together, this motion should not have required what amounts to a full week's worth of work.

"The Second Circuit has endorsed the use of 'across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application.'" *Ozbakir v. Scotti*, 906 F.Supp.2d 188, 199 (W.D.N.Y. 2012) (quoting *In re Agent Orange Product Liability Litigation*, 818 F.2d 226, 237-38 (2d Cir. 1987)). Such reductions have been employed by this Court in the past. *See, e.g., id.* (75% reduction); *Mendez v. Radec Corp.*, 907 F.Supp.2d 353, 359 (W.D.N.Y. Nov. 1, 2012) (applying "an approximate 70% across the board reduction in the hours expended").

In the case at bar, I find that a 50% reduction in the fees claimed is warranted to account for duplicative, unnecessary or otherwise excessive work. I will therefore reduce the amount of attorney's fees from the amount sought, $8762.50, to $4381.25. Having reviewed the claimed costs and disbursements, in the amount of $242.92, I find them reasonable, and I will therefore award the full amount sought. The total award, then, amounts to $4624.17.

**CONCLUSION**

Plaintiff, Mrs. United States National Pageant, Inc., is hereby awarded attorney's fees and costs of $4624.17.   Judgment should be entered accordingly. That amount shall be paid by defendants within thirty (30) days of the date of entry of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 7, 2015.